Keefer v Keefer (2022 NY Slip Op 07063)

Keefer v Keefer

2022 NY Slip Op 07063

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-02890
2020-04706
 (Index No. 800209/18)

[*1]Eric Keefer, respondent,
v
Pamela Keefer, appellant.

Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY, for appellant.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.
Patricia Manzo, Syosset, NY, attorney for the children.
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered March 3, 2020, and (2) an order of the same court entered May 8, 2020. The order entered March 3, 2020, insofar as appealed from, denied that branch of the defendant's motion which was for leave to reargue (1) her opposition to that branch of the plaintiff's motion which was, in effect, to modify an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated January 13, 2017, so as to award him sole legal and residential custody of the parties' children, which had been granted in an order of the Supreme Court, Nassau County, dated January 7, 2020, and (2) the defendant's cross motion to modify the order dated January 13, 2017, so as to award her sole legal custody of the parties' children, which had been denied in the order dated January 7, 2020. The order entered May 8, 2020, insofar as appealed from, denied that branch of the defendant's motion which was to direct the court-appointed family therapist to provide an assessment or report regarding any matters pertinent to the determination of custody and parental access.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order entered March 3, 2020, on the ground that no appeal lies from an order denying reargument and on the ground that the order is not appealable as of right and leave to appeal has not been granted. Cross motion by the defendant, inter alia, for leave to appeal from the order entered March 3, 2020. By decision and order on motion of this Court dated January 13, 2021, the branches of the motion which are to dismiss the appeal from the order entered March 3, 2020, on the ground that no appeal lies from an order denying reargument and on the ground that the order is not appealable as of right and leave to appeal has not been granted, and the branch of the cross motion which is for leave to appeal from the order entered March 3, 2020, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order entered March 3, 2020, on the ground that no appeal lies from an order denying reargument is granted; and it is further,
ORDERED that the branch of the motion which is to dismiss the appeal from the order entered March 3, 2020, on the ground that the order is not appealable as of right and leave to appeal has not been granted, and the branch of the cross motion which is for leave to appeal from the order entered March 3, 2020, are denied; and it is further,
ORDERED that the appeals from the orders entered March 3, 2020, and May 8, 2020, are dismissed, with one bill of costs.
The appeal from the order entered March 3, 2020, must be dismissed because no appeal lies from an order denying reargument (see Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC, 183 AD3d 619).
The appeal from the order entered May 8, 2020 must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered May 8, 2020, are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]; Keefer v Keefer, ___ AD3d ___ [Appellate Division Docket No. 2020-08539; decided herewith]).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court